UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WANDA GONZALEZ MCINTYRE,

                Plaintiff,

v.                                                         3:12-CV-0318
                                                                (GTS)
CAROLYN W. COLVIN, Comm'r of Soc. Sec.,[1]

                Defendant.
_____

APPEARANCES:                                              OF COUNSEL:

LACHMAN & GORTON                              PETER A. GORTON, ESQ.
 Counsel for Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, NY 13761-0089

U.S. SOCIAL SECURITY ADMIN.               JOANNE JACKSON, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
 Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by Wanda Gonzalez McIntyre ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-motions

---

     [1]      Plaintiff's complaint named Michael J. Astrue, as the Commissioner of Social Security, as the defendant. On February 14, 2013, Carolyn W. Colvin took office as Acting Social Security Commissioner. She has therefore been substituted as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, and no further action is required in order to effectuate this change. *See* 42 U.S.C. § 405(g).

for judgment on the pleadings, as well as Plaintiff's reply brief, which was filed with permission of the Court. (Dkt. Nos. 12, 13, 16.) For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on July 5, 1970. Plaintiff has completed education through the tenth grade, and is able to communicate in English. Plaintiff has most recently worked as a technical support representative. Prior to that, Plaintiff did secretarial work, telemarketing, retail work, and home health care. Generally, Plaintiff's alleged disability consists of a back disorder and depression. Her alleged disability onset date is November 28, 2008, and her date last insured is June 30, 2012.

### B. Procedural History

On December 17, 2008, Plaintiff applied for Social Security Disability Insurance and Supplemental Security Income. Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On June 4, 2010, Plaintiff appeared pro se before the ALJ, Jeffrey M. Jordan. (T. 44-73.) The ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act on July 16, 2010. (T. 12-23.) On January 30, 2012, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-5.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 14-20.) First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (T. 14.) Second, the ALJ found that Plaintiff's

disorders of the back and affective disorder are severe impairments. (*Id*.) Third, the ALJ found that Plaintiff's impairments did not meet or medically equal one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 15-16.) The ALJ considered Listings 1.04 and 12.04. (*Id*.) Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform less than a full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a). (T. 16-18.) Specifically, the ALJ found that Plaintiff "can lift, carry, push and/or pull up to 10 pounds occasionally but must avoid at or above shoulder lifting, carrying, pushing and/or pulling. [Plaintiff] can stand and/or walk four hours in an eight-hour workday and sit four hours in an eight-hour workday but requires the option to sit/stand about every 15-30 minutes. In addition, [Plaintiff] must avoid climbing ladders, ropes and scaffolds as well as crawling but can perform other postural movements on an occasional basis." (T. 16.) Fifth, and finally, the ALJ determined that although Plaintiff can not perform her past relevant work, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T. 18-20.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes two arguments in support of her motion for judgment on the pleadings. First, Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because (a) it is inconsistent with his own findings and (b) he fails to set forth the non-exertional functional diminishments caused by Plaintiff's affective disorder. (Dkt. No. 12 at 3-4 [Pl.'s Mem. of Law].) Second, Plaintiff argues that the ALJ did not satisfy his burden at step five of the sequential analysis to prove that there are a significant number of jobs in the national, state or regional economy that Plaintiff can perform because the vocational expert's testimony was neither substantial nor consistent with the Dictionary of Occupational Titles, and that inconsistency was not satisfactorily addressed by the ALJ or the vocational expert. (*Id*. at 4-6.)

3

### B. Defendant's Arguments

In response, Defendant makes two arguments. First, Defendant argues that the ALJ correctly found that Plaintiff could perform other work. (Dkt. No. 13 at 4-5 [Def.'s Mem. of Law].) Second, Defendant argues that the ALJ's RFC finding is supported by substantial evidence. (*Id.* at 5-8.)

### C. Plaintiff's Reply

In reply to Defendant's response, Plaintiff argues that the ALJ did not include any non-exertional impairments in his RFC hypothetical posed to the vocational expert. (Dkt. No. 16 at 1-2 [Pl.'s Reply Mem. of Law].)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is

5

whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## IV. ANALYSIS

### A. Whether the ALJ's RFC Finding is Supported by Substantial Evidence

After carefully considering the matter, the Court answers this question in the affirmative, in part for the reasons stated in Defendant's memorandum of law. (Dkt. No. 13 at 5-8 [Def.'s Mem. of Law].) The Court would only add the following analysis.

Plaintiff argues that the ALJ's RFC finding was not supported by substantial evidence because (1) the ALJ's finding, at step four of the sequential analysis, that Plaintiff has no diminishment in social functioning and concentration, persistence and pace is inconsistent with his findings, at steps two and three, that's Plaintiff's affective disorder is a severe impairment and that Plaintiff has moderate difficulties in those areas of functioning; and (2) the ALJ improperly failed to consider Plaintiff's moderate difficulties in social functioning and concentration, persistence and when determining Plaintiff's RFC at step four.

At step two, the ALJ concluded that Plaintiff's disorder of the back and affective disorder "have more than a minimal effect on [her] ability to perform basic work functions and are therefore considered severe." (T. 14.) In deciding, at step three, that Plaintiff's affective

6

disorder does not meet or equal Listing 12.04, the ALJ found that Plaintiff has only moderate difficulties in maintaining social functioning and in maintaining concentration, persistence and pace. (T. 15.) The ALJ relied on the examination notes of consultative examiner, Dennis M. Noia, Ph.D., that Plaintiff gets along with friends and family (T. 15, 309) and that her attention and concentration was intact, but that she reported having difficulty sleeping (T. 15, 307, 309).

Although, at step four, the ALJ's RFC finding did not include Plaintiff's non-exertional functional limitations, the ALJ nonetheless extensively considered Dr. Noia's opinion that Plaintiff (1) was capable of understanding and following simple instructions and directions and capable of performing some complex tasks with supervision and independently; (2) appeared capable of maintaining attention and concentration for tasks and could regularly attend to a routine and maintain a schedule; (3) appeared capable of learning new tasks, making appropriate decisions and relating to and interacting moderately with others; and (4) could deal with stress with the help of medication. (T. 18, 309-310.) The ALJ further noted Plaintiff's testimony that the medication she takes for depression improves her symptoms, and that she does not experience any side effects from the medication. (T. 17, 61.)

According to Social Security Regulations, "[a]n impairment or combination of impairments is not severe if it does not significantly limit a [claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). The standard for a finding of severity under the second step of the sequential analysis has been found to be de minimis, and is intended only to screen out the truly weakest of cases. *See Davis v. Colvin*, No. 11-CV-0658, 2013 WL 1183000, at *8 (N.D.N.Y. Feb. 27, 2013) (citing *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir.1995). Moreover, it is important to keep in mind that the definition of "moderate," which is more than slightly limited, but still able to function satisfactorily, does not translate to "disabling in nature." *See Colvin v. Astrue*, No. 09-CV-13, 2011 WL 4055324, at *7 (N.D.N.Y.

7

June 10, 2011). Accordingly, an ALJ's decision is not necessarily internally inconsistent where he finds an impairment to be severe but ultimately concludes that a claimant is not disabled.

To be sure, the ALJ's RFC finding does not mention Plaintiff's non-exertional limitations. Nonetheless, at step five, the ALJ posed a hypothetical to the vocational expert that included his findings regarding's Plaintiff's RFC as well as her limitation to "simple, routine, low stress tasks." (T. 69.) In response, the vocational expert identified unskilled, sedentary positions that Plaintiff could perform within the limitations set forth in the ALJ's hypothetical. (T. 69-70.) While the Court of Appeals for the Second Circuit has not directly addressed the question of whether an ALJ's hypothetical question to a vocational expert must specifically account for limitations in concentration, persistence and pace, other courts that have addressed the issue have answered in the affirmative. *See Hendrickson v. Astrue*, No. 11-CV-927, 2012 WL 7784156, at *9, n.14 (N.D.N.Y. Dec. 11, 2012) (citing, inter alia, *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180-81 (11th Cir. 2011) (ALJ erred by failing to either "explicitly include[ ]" or "implicitly account for" moderate limitations in maintaining concentration, persistence, and pace in a hypothetical)). However, "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Winschel*, 631 F.3d at 1180 (citing *Simila v. Astrue*, 573 F.3d 503, 521-22 (7th Cir.2009); *Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1173-76 (9th Cir.2008); *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir.2001)). *See also Hendrickson*, 2012 WL 7784156, at *9 (citing *Dumas v. Schweiker*, 712 F.2d 1545, 1553-54 (2d Cir.1983) (The Commissioner may rely on a vocational expert's testimony concerning the availability of jobs suited to a hypothetical person's capabilities so long as the hypothetical is based on substantial evidence)).

Here, substantial evidence supports the ALJ's hypothetical. The medical evidence relied on by the ALJ includes Dr. Noia's opinion that Plaintiff's "manner of relating, social skills, and overall presentation was adequate" and that Plaintiff's "attention and concentration was intact." (T. 308-309.) Moreover, there is nothing in the record to suggest that Plaintiff's difficulty sleeping, (which is the only evidence the ALJ relied on for his finding, at step three, that Plaintiff has moderate difficulties in concentration, persistence and pace, (T. 15)) renders her incapable of "simple, routine, low stress tasks." (T. 69) Because the ALJ's hypothetical takes account of Plaintiff's non-exertional functional limitations and is supported by substantial evidence, the ALJ's failure to include those limitations in his RFC finding is harmless error. Accordingly, the ALJ's decision is affirmed in this regard.

## B. Whether the ALJ Satisfied His Burden of Proving That There Are a Significant Number of Jobs in the National Economy That Plaintiff Can Perform

After carefully considering the matter, the Court answers this question in the affirmative, in part for the reasons stated in Defendant's memorandum of law. (Dkt. No. 13 at 4-5 [Def.'s Mem. of Law].) The Court would only add the following analysis.

Plaintiff argues that the ALJ did not satisfy his burden at step five of the sequential analysis to prove that there are a significant number of jobs in the national, state or regional economy that Plaintiff can perform because the vocational expert's testimony was neither substantial nor consistent with the Dictionary of Occupational Titles, and that inconsistency was not satisfactorily addressed by the ALJ or the vocational expert. Specifically, Plaintiff argues that the ALJ erred in failing to properly determine whether jobs exist for someone who cannot do the full range of sedentary work because they cannot sit for six hours out of an eight-hour workday. Further, Plaintiff argues that the ALJ erred in failing to obtain a reasonable

explanation for the conflict between the hypothetical, which requires a sit/stand option, and the Dictionary of Occupational Titles, which does not address such an option.

According to Social Security regulations,

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a). Social Security Ruling 83-10 advises that, when determining whether an individual is capable of sedentary work, "sitting should generally total approximately 6 hours of an 8-hour workday." *See* SSR 83-10. However, this guideline is not absolute. "Social Security Rulings are merely precatory and are not binding on the Commissioner." *Kornak v. Chater*, No. 94-CV-3225, 1996 WL 622187, at *8 (E.D.N.Y. Oct. 22, 1996) (citing *Ferraris v. Heckler*, 728 F.2d 582, 587, n.3 (2d Cir. 1984)). "Moreover, at least in evaluating sedentary work, which Ruling 83-10 defines as requiring the ability to sit for approximately six hours out of an eight-hour work day, the Second Circuit has found the ability to sit up to four hours sufficient." *Kornak*, 1996 WL 622187, at *8 (citing *Delamater v. Schweiker*, 721 F.2d 50, 52-54 (2d Cir.1983)).

Further, Social Security Ruling 00-4p advises that, where an ALJ relies on evidence from a vocational expert that conflicts with the Dictionary of Occupational Titles, the ALJ must provide a reasonable explanation for doing so. A reasonable explanation may include that information about a job's requirements is based on the vocational expert's experience. *See* SSR 00-4p.

Here, the ALJ provided a hypothetical to the vocational expert, which included the capability to sit for four hours out of an eight-hour workday with the option to sit or stand approximately every 15 to 30 minutes. (T. 69.) The vocational expert testified that there are jobs that exist in the national economy that Plaintiff can perform, each of which are categorized as exertionally sedentary and unskilled. (T. 70.) The vocational expert further testified that, although the Dictionary of Occupational Titles does not address a sit/stand option, his testimony in that regard is based on his professional experience and clinical judgment. (*Id.*) Therefore, at step five, the ALJ met his burden of proving that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Because the ALJ's finding at step five was based on substantial evidence and is not the product of legal error, his decision is affirmed in that regard.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that Defendant's decision denying disability benefits is **AFFIRMED**; and it is further is

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: May 21, 2013
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

11